STATE OF WEST VIRGINIA

*In re* C.C.

**No. 18-0259** (Webster County 16-JA-39)

**FILED**

**October 12, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother T.C., by counsel Christopher G. Moffatt, appeals the Circuit Court of Webster County's February 12, 2018, order terminating her parental rights to C.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Brandolyn N. Felton-Ernest, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights when it failed to continue the dispositional hearing and considered the testimony of a therapist who had a conflict of interest in the case.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In April of 2016, the DHHR filed a child abuse and neglect petition against petitioner and the father. Specifically, the DHHR received a referral that law enforcement officers had been called to the family home in response to a domestic violence incident. Petitioner spoke to officers and explained that she and the father had been fighting and asked that they not wake the child as he had "seen enough[,]" which the DHHR alleged indicated that C.C. had witnessed the incident. The petition alleged that petitioner received injuries to the face as a result of the domestic violence incident. Petitioner and the father were interviewed in the course of the investigation and both acknowledged a long history of domestic violence. The parents admitted that C.C. would become upset and vomit if they argued, were upset, or raised their voices in his presence. The petition alleged that the father claimed that he was afraid of petitioner due to her history of domestic violence, that she physically attacked him, and that he previously sought counseling but petitioner refused to participate. Further, the father claimed that petitioner failed to pay their bills

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

and wrote bad checks, and that he believed petitioner abused pain medication. Petitioner waived her preliminary hearing.

The circuit court held an adjudicatory hearing in June of 2016, wherein the testimony of several witnesses was presented. After hearing evidence, the circuit court found that petitioner engaged in repeated acts of domestic violence with the father in the presence of the child. Specifically, the circuit court found that petitioner threw things and damaged the walls, caused emotional damage to the child, and provided incredible testimony regarding the injuries to her face during the April of 2016 domestic violence incident. Accordingly, the circuit court adjudicated petitioner as an abusing parent.

In July of 2016, the circuit court held an initial dispositional hearing wherein petitioner requested an improvement period. Despite finding that petitioner had not been entirely truthful in her testimony, the circuit court granted her a post-adjudicatory improvement period. Over the course of several months, the circuit court held review hearings to determine the extent of petitioner's compliance with the terms and conditions of the improvement period and eventually granted her an extension to the same.

After numerous review hearings and continuances, the circuit court held a final dispositional hearing in January of 2018. Petitioner failed to attend but was represented by counsel. After hearing evidence, the circuit court found that petitioner had "been less than truthful" throughout the proceedings and it was the circuit court's belief that she had caused her facial injuries during the April of 2016 domestic violence incident and blamed them on the father. Further, the court found that petitioner had not addressed the conditions of abuse and neglect. First, petitioner failed to maintain suitable housing. The circuit court noted that despite the DHHR's assistance in paying down payments and the first month's rent on at least two separate apartments, petitioner had been evicted. Second, petitioner published social media posts regarding the proceedings and made inappropriate comments to the child during supervised visitation, causing him distress. Finally, the circuit court noted that petitioner failed to attend two prior court hearings due to alleged last-minute emergencies. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and/or neglect in the near future and that termination was necessary for the child's welfare. It is from the February 12, 2018, order terminating her parental rights that petitioner appeals.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[2]The father successfully completed an improvement period, the child was returned to his care, and the matter against him was dismissed. The permanency plan for the child is to remain in the father's care.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in terminating her parental rights. Petitioner first argues that the circuit court erred in failing to continue the dispositional hearing, which she did not attend, because it was unfair and denied her the opportunity to participate. Specifically, petitioner asserts that the circuit court erroneously denied her motion to continue based, in part, on information received off the record and unbeknownst to petitioner's counsel in violation of Rule 10(e) of the Rules of Procedure for Child Abuse and Neglect Proceedings.[3] We find that petitioner's argument is meritless. We have previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196 W.Va. at 235, 470 S.E.2d at 189 (citing *State v. Judy*, 179 W.Va. 734, 372 S.E.2d 796 (1988)). Here, the circuit court found that petitioner's excuse for failing to attend the dispositional hearing was suspect, especially in light of the fact that petitioner failed to attend two prior hearings due to similarly suspect "emergencies" such as a house fire and alleged medical emergencies. Accordingly, the circuit court did not abuse its discretion in denying petitioner's motion and we find no error.

Moreover, we find no error in the circuit court's consideration of the testimony of the therapist of the child and the father. According to petitioner, due to treating both the child and the father, the therapist had a conflict of interest and should not have been permitted to testify. Upon our review, however, the Court finds no error. We have held

"[t]he West Virginia Rules of Evidence and the West Virginia Rules of Civil Procedure allocate significant discretion to the trial court in making

---

[3]The record indicates that the circuit court received information from the prosecutor that petitioner had spoken with a DHHR worker the morning of the hearing and expressed her intention of attending the hearing. However, during the hearing, counsel for petitioner requested a continuance, stating that petitioner informed him that she was in the hospital. Petitioner argues that the circuit court improperly considered the information received from the prosecutor off the record, without notifying her counsel of the same, pursuant to Rule 10(e) of the Rules of Procedure for Child Abuse and Neglect Proceedings, which sets forth that

[i]f, prior to or during any hearing, a party discovers additional evidence or material that should have been disclosed, that party shall promptly notify all other parties and their counsel, persons entitled to notice and the right to be heard, and the court of the existence of the additional evidence or material.

evidentiary and procedural rulings. Thus, rulings on the admissibility of evidence . . . are committed to the discretion of the trial court. Absent a few exceptions, this Court will review evidentiary and procedural rulings of the circuit court under an abuse of discretion standard." Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995).

Syl. Pt. 3, *In re J.S.*, 233 W.Va. 394, 758 S.E.2d 747 (2014). Here, petitioner claims that the "American Psychological Association Ethical Principles of Psychologists and Code of Conduct 3.06 . . . note[s] the potential of conflicts and the need for therapists to resolve them, by referring to another therapist if possible." However, petitioner did not include anything in the appendix on appeal regarding this claim and the therapist at issue testified that she is one of only two therapists in the county, sometimes necessitating the need for counseling both a child and a parent. Moreover, the therapist testified that she did not receive any information regarding the child from the father, and stated that her information came from the child's intake procedure done by another employee and her own sessions with the child. Accordingly, we find that the circuit court did not abuse its discretion in permitting the therapist to testify.

Finally, we conclude that the circuit court did not err in terminating petitioner's parental rights. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental rights upon findings that there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the child's welfare. West Virginia Code § 49-4-604(c)(3) clearly indicates that a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child. . . .

The record herein demonstrates that there was sufficient evidence upon which to terminate petitioner's parental rights. Petitioner received services throughout her improvement period and its extension over the course of nearly a year and a half. Despite having substantial time to address the conditions of abuse, evidence at the dispositional hearing established that petitioner failed to comply with the terms and conditions of her improvement period. She failed to maintain suitable housing for the child, failed to obtain employment, posted confidential content regarding the proceedings on social media, and distressed the child by making inappropriate comments during supervised visitation. Moreover, petitioner failed to attend several hearings throughout the proceedings. As such, she was unable to demonstrate that she successfully followed through with a family case plan and corrected the conditions of abuse.

Having reviewed the record, we concur that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and termination

was necessary for the child's welfare. As circuit courts are directed to terminate parental rights upon such findings, the circuit court did not err in terminating petitioner's parental rights herein.

For the foregoing reasons, we find no error in the decision of the circuit court, and its February 12, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**:  October 12, 2018


**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Paul T. Farrell sitting by temporary assignment
Justice Tim Armstead
Justice Evan H. Jenkins

Justice Allen H. Loughry II, suspended and therefore not participating